## POTTER *a.* DAVISON.

*Supreme Court, First District; Special Term, October,* 1858.

INQUEST.—NOTICE OF TRIAL.

The plaintiff cannot take an inquest at a circuit for which he has not served a
notice of trial, although he has been called there by a notice of the defendant.

Motion to open inquest.

In this case, and another against the same defendant, inquests
were taken by the plaintiff, which the defendant now moved to
open.

DAVIES, J.—The inquests were taken at the September cir-
cuit, 1858. The plaintiff did not notice the causes for trial at
that circuit: the defendant did notice them. They were called
on the 21st of September, and on plaintiff's motion, set down for
Thursday the 23d. On that day being reached on the day cal-
lendar, they were called, and no one appearing on the part of
the defendant, an inquest was taken in each case.

The question presented for decision is, can the plaintiff pro-
ceed to take an inquest at a circuit at which he has not noticed
the cause for trial, and when he has been called there only on
the defendant's notice?

Rule 29 authorizes inquests only to be taken at the opening
of the court, at any day after the first, when the intention to
take the inquest is expressed in the notice of trial.

In the present case, the party taking the inquest has given no
notice of his intention so to do, and has given no notice of
trial.

It is very clear to my mind that he could not do so in the ab-
sense of such notice.

It was urged on the argument that the case of Rey *a.* Thomp-
son (8 *How. Pr. R.*, 253) was an authority to sustain the prac-
tice in these cases.

But an examination of that case will show, that it decided

only that when the plaintiff neglects to notice a cause for trial, according to the course and practice of the court—the defendant on an affidavit showing that the same was at issue, and that at the term for which it ought to have been noticed, younger issues had been tried—the defendant might move to dismiss the complaint. But the court held in that case that it was only a judgment of dismissal that could be founded upon such a motion. The court also held that when a defendant claims affirmative relief, legal or equitable, *the duty of an actor*, in bringing the cause to trial, devolves upon him.

In these cases, the plaintiff, to entitle himself to be an actor and to move on the causes, must have noticed them.

The defendant was under no obligation to wait the whole circuit to see if the plaintiff would move the causes, when he had not noticed them. The defendant, by noticing them, compelled the plaintiff to watch the causes; or if he did not answer, they might be dismissed. But the plaintiff could take no affirmative action, unless he noticed the case for trial on his own behalf.

I have consulted my brethren, and they concur in the results of this opinion, and hold that the inquests taken in this cause were irregular, and must be set aside.

They are accordingly set aside, but without costs.

---

## E. B. *a.* E. C. B.

*Supreme Court, First District; General Term, December,* 1858.

### DIVORCE.—PARTIES.—AMICUS CURIÆ.

A guardian *ad litem* cannot be appointed for an infant over fourteen years of age without the infant's consent.

The parent of a married infant is not a proper party to an action of divorce against such infant, and has no right, either on the ground of relationship or of an interest in the litigation, to intervene in such action.

Although a stranger may make an application to the court respecting an action in the capacity of *amicus curiæ*, he has no standing in court respecting the action, and cannot maintain an appeal from any decision made on the application.